# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PRO CUSTOM SOLAR LLC,** doing business as **MOMENTUM SOLAR,** <br><br> Plaintiff, <br><br> v. <br><br> **FREEDOM FOREVER, LLC,** *et al.*, <br><br> Defendants. | Case No. 20–cv–09994–CCC–ESK <br><br><br> OPINION |

**KIEL**, **U.S.M.J.**

  **THIS MATTER** is before the Court on the Court's order to show cause as to why the claims in this case should not be: (1) severed pursuant to Federal Rule of Civil Procedure (Rule) 21; and (2) transferred pursuant to 28 U.S.C. §1404(a) (Section 1404(a)) to federal district courts in Texas and Florida. (ECF Nos. 51, 57).[1] Plaintiff opposes a severance and a transfer. (ECF Nos. 52, 55, 59, 61.) Defendants Freedom Forever, LLC (Freedom) and Andrew Vidal, in response, expressed their amenability to a severance of the claims asserted against them, along with a transfer of those claims to the Western District of Texas. (ECF Nos. 56, 58, 62.) Defendants Roberto Morffi, Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez (Florida Defendants), for their part, would agree to a severance of the claims asserted against them, followed by a transfer of those claims to the Middle District of

---

[1] The Court previously set forth the basis for the authority to address the issue of transfer on a *sua sponte* basis. (ECF No. 51.) The parties have not challenged that authority.

Florida. (ECF Nos. 54, 60.)[2] For the reasons stated herein, I will make the following rulings:

(1) the following claims are severed from this civil action number: (a) the claims that are asserted against the Florida Defendants, and (b) the claims that are asserted against Freedom that concern Freedom's conduct in conjunction with the Florida Defendants in Florida (collectively, Florida Claims);

(2) plaintiff is directed to file an amended complaint under this civil action number concerning only the claims that are asserted against: (a) Vidal, and (b) Freedom that concern Freedom's conduct in conjunction with Vidal in Texas (collectively, Texas Claims);

(3) plaintiff is directed to bring a new case in the District of New Jersey containing the Florida Claims, with a notation on the civil cover sheet that such new case is related to the case pending under this civil action number and should be assigned to District Judge Claire C. Cecchi and to me as Magistrate Judge;

(4) upon the filing of the amended complaint for the Texas Claims under this civil action number, I will transfer the Texas Claims to the Western District of Texas; and

(5) upon the filing of the new case containing the Florida Claims, I will transfer the Florida Claims to the Middle District of Florida.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a New Jersey citizen "engaged in the sale, design and installation of solar-electric systems to residential and commercial property owners in New Jersey, New York, California, Florida, Connecticut and Texas." (ECF No. 1 ¶ 11; ECF No. 5.) Freedom is a California citizen engaged "in the business of selling, designing and installing solar-electric systems to residential customers and

---

[2] Rodriguez has not appeared in the case. However, as Rodriguez is a Florida citizen (ECF No. 1 ¶ 21), and as plaintiff has not requested that the Clerk of the Court enter default against Rodriguez under Rule 55(a), I will include him as being among the Florida Defendants.

2

commercial businesses across multiple states, including New Jersey, Arizona, California, Colorado, Florida, Nevada, Texas, and Utah." (ECF No. 1 ¶ 12; ECF No. 30.) Freedom is parent to a New Jersey subsidiary—Freedom Forever New Jersey LLC (FFNJ) (ECF No. 1 ¶ 28)—but plaintiff has not named FFNJ as a defendant in the case. (ECF No. 1.)

The Florida Defendants are all Florida citizens, while Vidal is a Texas citizen. (*Id.* pp. 4, 5.) Plaintiff alleges the Florida Defendants and Vidal are plaintiff's former employees and are current employees of Freedom. (*Id.* pp. 4–6.) Plaintiff further alleges Freedom has induced the Florida Defendants and Vidal to work for Freedom "in contravention of binding non-compete, non-solicitation agreements," and Freedom has "stolen and [is] using [plaintiff's] trade secrets and proprietary information for [its] benefit." (*Id.* ¶¶ 1, 2.) Plaintiff consequently brings this case to recover damages for, among other claims, tortious interference and breach of contract. (*Id.* pp. 24–33.)

The Court initially ordered the parties to show cause as to why all of the claims should not be transferred to a federal district court in Florida. (ECF No. 51.) However, after reviewing the parties' submissions and conducting a hearing, the Court ordered further briefing on the issue of venue and supplemental briefing on the issue of severance. (Docket entry after ECF No. 56; ECF No. 57.)

## DISCUSSION AND ANALYSIS

### I. *JUMARA*

The standard the Court must apply for determining whether to transfer an action to a different venue pursuant to Section 1404(a) is well-settled. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995) (setting forth the factors to be considered); *see also In re Amendt*, 169 F.App'x 93, 96 (3d Cir. 2006) (reiterating the *Jumara* holding). The Court possesses broad discretion to transfer an action to a federal district court where the action might have been

brought. *See* 28 U.S.C. §1404(a); *see also Jumara*, 55 F.3d at 875; *id.* at 877 n.3; *id.* at 883.

## II. RULE 21

The Court is authorized to "sever any claim against a party." Fed.R.Civ.P. 21. That authority is broad and discretionary. *See Thompson v. Ferguson*, No. 19-03517, 2021 WL 776721, at *2 (3d Cir. Mar. 1, 2021).

## III. FLORIDA CLAIMS

As to the Florida Claims, plaintiff has failed to show that the factors delineated in the initial order to show cause (ECF No. 51 pp. 3–4) do not warrant a transfer of the Florida Claims to a Florida court, specifically:

(1) the Florida Defendants are citizens of, and work exclusively in, Florida;

(2) the citizens of Florida will have an interest in the outcome of the Florida Claims, because the Florida Defendants operated from there;

(3) plaintiff, and either Freedom or a Freedom subsidiary, have operations in Florida;

(4) plaintiff itself alleges Freedom engaged in violative conduct in conjunction with the Florida Defendants in Florida (ECF No. 1 ¶ 7; *id.* ¶ 95 (alleging Freedom and Morffi "contrived a scheme by which to acquire [plaintiff's] key sales employees in Florida"));

(5) a Florida federal district court will be authorized to exercise jurisdiction over plaintiff, because plaintiff established a presence in Florida by virtue of hiring Florida citizens to provide services to customers in Florida;

(6) plaintiff has previously demonstrated its ability and willingness to have its representatives travel to Florida because plaintiff hired the Florida Defendants to perform services in Florida and presumably to train and oversee its workforce there (*see id.* ¶¶ 35, 84 (plaintiff stating it has facilities and employees in six states, including Florida)); and

(7) the Florida Defendants never performed any services for plaintiff in New Jersey (ECF No. 44-1 pp. 8, 9).

4

Plaintiff argues the Florida Defendants all signed employment agreements with forum selection clauses (Forum Selection Clauses) setting forth New Jersey as the forum in which in any litigation arising from the employment relationship should proceed. (ECF No. 1 ¶ 25.) The Forum Selection Clauses, which plaintiff submitted for review in response to the order to show cause, provide as follows: "The parties each consent to personal jurisdiction in the state (Middlesex County vicinage) and federal courts in the State of New Jersey for any action arising under this Agreement to enforce the provisions of Section 5 [i.e., the restrictive covenants], and any other terms of this Agreement." (ECF No. 52 p. 5; *see also, e.g.*, ECF Nos. 52-1 p. 12.)

However, as plaintiff concedes, the Forum Selection Clauses are not mandatory. (ECF No. 52 p. 5.) As a result, the Forum Selection Clauses are not controlling, and they do not mandate that the Florida Claims must proceed in a New Jersey court. *See Wall v. Corona Capital, LLC*, 756 F.App'x 188, 191–92 (3d Cir. 2018) (holding this language—"the parties agree that venue lies in a court of competent jurisdiction in [a certain jurisdiction]"—is not mandatory, as the absence of the phrases "shall" or "will" means a clause "simply did not state that venue could be laid only in [a certain court]"); *Meridian Consulting I Corp., Inc. v. Eurotec Can. Ltd.*, No. 19-22197, 2021 WL 689132, at *11 (D.N.J. Feb. 22, 2021) (holding language that parties "'agree to the jurisdiction of [a certain court]' … does not provide that disputes can be brought *only* in [that jurisdiction]. It lacks the hallmarks of a mandatory clause, such as a requirement that disputes '*shall be* submitted to the jurisdiction of particular courts,' … or the terms 'exclusive,' 'sole,' or 'only.'"); *Catalent, Inc. v. Danby*, No. 20-12368, 2020 U.S. Dist. LEXIS 204883, at *22–23 (D.N.J. Nov. 2, 2020) (holding this language—"the parties hereby submit to and consent to the jurisdiction of [certain] … courts, located in the State of New Jersey, and hereby waive any objection to proceeding in such jurisdiction, including any objection regarding an inconvenient forum"—to be permissive, as "[i]t does not contain any crystalline term that excludes all other

5

forums"); *Hewlett-Packard Fin. Servs. Co. v. New Testament Baptist Church*, No. 18-10230, 2019 WL 3800234, at *3 (D.N.J. Aug. 13, 2019) (holding this clause—"consent to the jurisdiction of any local, state or Federal court located within the State of New Jersey"—to be permissive, as it "does not designate New Jersey as the exclusive forum," and "does not limit New Jersey to be the only forum").[3]

Furthermore, the portion of the Florida Claims concerning alleged conduct by Freedom will also be severed and transferred to the Middle District of Florida, as Freedom's alleged conduct is intertwined with allegations levied against the Florida Defendants. To the extent Freedom argues that it did not engage in any violative conduct in Florida, and that its subsidiary Florida Forever Florida LLC is the entity that is present in Florida (ECF No. 58 pp. 3, 6; ECF No. 58-1 p. 2), this argument would be more properly addressed on a motion to dismiss in the Middle District of Florida upon the transfer of the Florida Claims. I will not analyze the merits of the Florida Claims at this juncture. I am only addressing whether it would have been more appropriate to litigate the Florida Claims in Florida. Indeed, the Court is authorized to address the propriety of transferring the Florida Claims to another venue, regardless of whether personal jurisdiction has been demonstrated. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).[4]

---

[3] *Cf. Mancuso v. L'Oreal USA, Inc.*, No. 20-05701, 2021 WL 365228, at *5 (D.N.J. Feb. 1, 2021) (holding a forum selection clause to be mandatory, as it provided that the parties "agree and hereby submit *to the exclusive* personal jurisdiction and *venue* of [certain] courts"); *Faloni & Assocs., LLC v. Citibank, N.A.*, No. 19-09494, 2019 WL 5206058, at *3, n.1 (D.N.J. Oct. 16, 2019) (holding this clause—"[b]oth parties agree to be subject to the jurisdiction of [certain] courts and that any and all claims arising from this Agreement shall be litigated if at all in [a certain court]"—"indicates a clear and mandatory forum selection clause indicating that this action must be exclusively litigated in th[at court]").

[4] To be clear, I emphasize that I am merely severing the Florida Claims from the Texas Claims, and I am not dismissing the Florida Claims. The Florida Claims remain viable at this juncture, and they may be litigated in the Middle District of Florida upon their transfer.

## IV. TEXAS CLAIMS

Upon a review of plaintiff's arguments concerning the Texas Claims, plaintiff has failed to show that the factors warranting a transfer to the Western District of Texas do not outweigh the reasons to allow the Texas Claims to remain in New Jersey. I find that:

(1) Vidal is a citizen of, and worked exclusively in, Texas;

(2) the citizens of Texas will have an interest in the outcome of the Texas Claims, because Vidal operated from there;

(3) plaintiff had operations in Texas;

(4) plaintiff itself alleges Freedom engaged in violative conduct in conjunction with Vidal in Texas (ECF No. 1 ¶ 7; *id.* ¶ 74 (alleging Freedom and Vidal "contrived a scheme by which to acquire [plaintiff's] key installation employees in Texas"));

(5) a Texas federal district court will be authorized to exercise jurisdiction over plaintiff, because plaintiff has a presence in Texas by hiring Texas citizens to provide services to customers in Texas;

(6) plaintiff has previously demonstrated its willingness and ability to have its representatives travel to Texas because plaintiff hired Vidal to perform services in Texas and, presumably, to train and oversee its workforce there (*see id.* ¶¶ 35, 71 (plaintiff stating it has facilities and employees in six states, including Texas)); and

(7) Vidal never performed any services for plaintiff in New Jersey (ECF No. 58 p. 3).

Furthermore, as plaintiff concedes, the employment agreement between Vidal and plaintiff did not contain a Forum Selection Clause. (ECF No. 52 p. 7 ("This Court is correct in concluding that Plaintiff: (1) does not plead Vidal is bound by a forum-selection clause; and (2) does not plead Freedom is bound by a forum-selection clause.").) Consequently, Vidal is not compelled to defend the Texas Claims asserted against him in a New Jersey court.

As with my ruling with respect to the Florida Claims, the portion of the Texas Claims concerning alleged conduct by Freedom will also be severed and transferred to the Western District of Texas, as Freedom's conduct is, likewise, intertwined with allegations levied against Vidal.

## V. FURTHER NOTES AS TO FREEDOM

I have concluded that the Forum Selection Clauses are not mandatory, and thus not controlling. In any event, Freedom would certainly not be bound by the alleged Forum Selection Clauses even if they were mandatory in nature, as Freedom was neither employed by nor in contractual privity with plaintiff. *See In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 59 (3d Cir. 2018) (setting forth the standard for determining whether a non-signatory should be bound by a forum selection clause).

In addition, I acknowledge that severing the claims that are asserted against Freedom and transferring them to separate courts will cause some inconvenience to Freedom. However, Freedom's alleged interactions with the Florida Defendants are completely separate from its alleged interactions with Vidal. Thus, the Florida Claims that concern Freedom and the Texas Claims that concern Freedom must be severed and transferred, respectively, to more appropriate district courts. *See Allstate Ins. Co. v. Electrolux Home Prods.*, No. 18-00699, 2018 WL 3707377, at *8–9 (E.D. Pa. Aug. 3, 2018) (severing claims brought by the same plaintiff against the same defendant, and then transferring the claims to multiple appropriate district courts where the claims arose).

## VI. ADMINISTRATION OF SEVERANCE AND TRANSFER

To ensure that these rulings are not thwarted by motion practice in the transferee courts, and to avoid further expense by plaintiff, I will oversee the severance of the Florida Claims and the Texas Claims here. When the amended complaint concerning only the Texas Claims under this civil action number and the complaint concerning only the Florida Claims under a new civil action

8

number are filed, I will then enter an order to transfer those separate cases to the appropriate district courts.

## **CONCLUSION**

Accordingly, and for the reasons stated above: (1) the Florida Claims are severed from this civil action number; (2) plaintiff is directed to file an amended complaint under this civil action number concerning only the Texas Claims within 21 days; (3) plaintiff is directed to bring a new case in the District of New Jersey containing the Florida Claims, with a notation on the civil cover sheet that such new case is related to the case pending under this civil action number and should be assigned to District Judge Claire C. Cecchi and to me as Magistrate Judge, within 21 days; (4) upon the filing of the amended complaint for the Texas Claims under this civil action number, I will transfer the Texas Claims to the Western District of Texas; and (5) upon the filing of the new case containing the Florida Claims, I will transfer the Florida Claims to the Middle District of Florida. The parties may appeal from this determination within 14 days of the entry of this opinion and the separate order filed herewith. *See* L.Civ.R. 72.1(c)(1).

                                        */s/ Edward S. Kiel*
                                        **EDWARD S. KIEL**
                                        **UNITED STATES MAGISTRATE JUDGE**

Dated: May 28, 2021